[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE APPLICATION FOR TEMPORARY INJUNCTION
Plaintiff is and has been employed as a teacher by the defendant St. Joseph College (College) for about 15 years.
In April of 1998 plaintiff had been chairperson of the College's Business Administration Department (Department) for at least the prior seven years and had received each year a "Department Chairperson Contract" under which he would "serve as Chairperson" of the Department. The last of those contracts was signed by both parties in June 1997 to run "from August 22, 1997 to August 21, 1998 at a total stipend of $1000." Plaintiff did not receive such a contract for the 1998-1999 year. However in April 1998 he received a letter dated April 21, 1998 enclosing his tenured faculty contract from the college appointing him associate professor of accounting. The contract also could easily be interpreted as appointing him "Chair of Business Administration Department" (Department). The letter and the contract were each signed by the defendant Karen Ristau (Ristau) as Dean. He signed and returned the contract
The College had in place at that time a Collegial Governance Document (C.G.D.) which provided in § 1.7.1.1.2.4, in relevant part, that "In April of the last year of a chairperson's term each department member shall nominate in writing a person for chairperson, giving reasons for the nomination. The Vice President for Academic Affairs/Dean shall appoint the chairperson from those nominees in August."
As of the receipt of the letter and contract there were yet no nominations from the faculty of the Department. The nominations were called for by Ristau April 27, 1998 and the nominations were made May 8, 1998. All the faculty members of the Department nominated plaintiff for chairperson and those nominations were given to Ristau on May 10, 1998.
On July 15, 1998 Ristau appointed Assistant Dean Mark Kosinski as interim chairperson of the Department effective August 15, 1998 for "the upcoming academic year". He had not been at the College for three years and was not a faculty member.
In a letter to plaintiff of July 15, 1998 Ristau explained CT Page 7992 the reasons for not appointing plaintiff as chairperson. She wrote, "The obligations of department chair are quite time consuming and it is obvious that recently you have been overburdened by them. Your absence at meetings, especially the Planning and Budget Committee, the Dean's Council, Faculty Committee of the Whole, Weekend College Committee and college ceremonies reflects your situation."
 Law
In order for the court to grant a temporary injunction it must find that the plaintiff has no other adequate remedy; that if an injunction is not granted the plaintiff will be irreparably banned and that there is a probability of success on the final trial of the case.
In addition the court is required to weigh the equitable gain or loss to each party.
The Chairperson's role is in many ways being the representative of the College itself, to the faculty within his department and to the students pursuing courses in that department. In addition he is a public representative of the College in regard to intercollegiate and professional organizations.
Courts are reluctant to specifically enforce contracts for personal services to require an employer to employ a person because the enforcement of the order would be very difficult for a court and the forced association for the employer and employee could make the situation seriously uncomfortable for one or both parties. This is made clear when we look at the duties and activities of the Chairperson of the department in our case. "Contracts of personal service are not specifically enforceable."Burns v. Gould, 172 Conn. 210, 214-215.
The plaintiff has failed to prove irreparable harm because he has not demonstrated sufficient injury. Stewart v. United StatesINS., 762 F.3d 193, 199. Irreparable harm does not come from being degraded, humiliated and having your reputation injured. supra 200.
The plaintiff has no adequate remedy at law to get his chairmanship. CT Page 7993
On balancing the equities the College is more likely than plaintiff to sustain damage by having a person it does not want as chairperson.
Finally, the court cannot find that plaintiff has a likelihood of success on the final trial.
Application denied.
N. O'Neill, J.